IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GIORGI GLOBAL HOLDINGS, INC., *et al.*, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO.  20-1992 |
| NIKHIL JOSEPH PRASAD, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**TUCKER, J.**                                                                April **4** , 2022

Presently before the Court are Defendants' Motion to Dismiss or Alternatively to Stay

(ECF No. 18), and Plaintiffs' Response in Opposition (ECF No. 19). Plaintiffs Giorgi Global

Holdings, Inc. ("Giorgi Global Holdings") and Can Pack, S.A. ("Can-Pack") (collectively,

"Plaintiffs"), brought this action for misappropriation of trade secrets in violation of the Defend

Trade Secrets Act (DTSA) 18 U.S.C.§ 1832, *et seq*., and the Pennsylvania Uniform Trade

Secrets Act. They raise their claims against Nikhil Joseph Prasad and John Doe, a person using

the Google Gmail addresses andrzej.dyz84@gmail.com, allan.rodriguez196@gmail.com, and the

name "Allan Rodriguez," for damages and to enjoin the willful and malicious, illegal

misappropriation of Plaintiffs' valuable trade secret information.

In their Motion to Dismiss or Alternatively to Stay, Defendants claim: (1) that Giorgi

Global Holdings lacks standing to raise this claim in the Eastern District of Pennsylvania

pursuant to Fed. R. Civ. Pro. 12(b)(1); (2) that this Court lacks personal jurisdiction over the

proceedings pursuant to Fed. R. Civ. Pro. 12(b)(2); and (3) that Giorgi Global Holdings has

failed to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6). Defendants ask this Court to dismiss

Plaintiff's claims outright, or stay them during the pendency of the simultaneous Polish investigation. For the reasons set forth below, Defendants' Motion is **DENIED**.

## I.      FACTUAL BACKGROUND

Giorgi Global Holdings is a Delaware corporation with its operational headquarters located in Blandon, Pennsylvania. Giorgi Global Holdings, through its U.S. and foreign holdings and subsidiaries, manufactures and sells food products and packaging for food and beverages. Can-Pack is a Polish corporation with its principal place of business in Krakow, Poland. Can-Pack manufactures and distributes metal and glass packaging and closures for food, beverages, and chemicals. Can-Pack is an indirect wholly-owned subsidiary of Giorgi Global Holdings. Defendant Nikhil Joseph Prasad is a resident of Krakow, Poland. Am. Compl. ¶¶ 3-5.

Plaintiffs allege that Defendant Prasad and an unknown John Doe (who sent at least one unlawful email to a party within the Eastern District of Pennsylvania), used aliases designed to cast blame on a Can-Pack executive, to disclose highly sensitive trade secrets owned by Plaintiffs to one and possibly two of Plaintiffs' competitors, and to manipulate Plaintiffs' relationship with a potential customer. Am. Compl. ¶¶ 2, 8. Plaintiffs claim that from about March of 2020 to April 14, 2020, in the Eastern District of Pennsylvania and elsewhere, the Defendants willfully and maliciously misappropriated Plaintiffs' trade secrets by acquiring, disclosing, and using them to sabotage Plaintiffs' business relationship with customers and alerted Plaintiffs' competitors to their confidential business plans, in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*. Am. Compl. ¶ 28.

For approximately one year prior to the commencement of this litigation, both Giorgi Global Holdings and Can-Pack, as related corporate entities, were engaged in confidential and sensitive planning and negotiating concerning a new business venture and had taken affirmative

steps to execute those plans. *Id.* at ¶ 13. The confidentiality of Plaintiffs' trade secret information was "critical to the success of its new venture and Plaintiffs' trust and reputation with its customers." *Id.* at ¶ 36. Both Giorgi Global Holdings and Can-Pack identify as the "owners" of the trade secret at issue. *Id.* at ¶ 31.

The trade secret information was not generally known or readily ascertainable by others; rather, it was secured on Plaintiffs' company servers, as Plaintiffs took reasonable measures to keep the non-public details of its business venture confidential. *Id.* at ¶ 14. Defendant obtained Plaintiffs' confidential trade secret information by accessing, without authorization, the computer and work materials of an employee of Plaintiffs based in Krakow, Poland. *Id.* at ¶ 15.

Polish law enforcement authorities are currently investigating the alleged misappropriation. Defs.' Mot. to Dismiss Mem. of Law 2. Mr. Prasad has been identified as a witness in that investigation, and his electronic devices were confiscated by Polish authorities. *Id.* Upon information and belief, Can-Pack has not brought a civil suit in Poland with regards to their trade secrets misappropriation claim. *Id.*

## II.   LEGAL STANDARD

### A.  Fed. R. Civ. Pro. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may challenge jurisdiction based on the face of the complaint—a facial attack—or its existence in fact—a factual attack. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial attack contests the sufficiency of the pleadings and the court must view the factual allegations in the complaint in the light most favorable to plaintiff. *Constitution Party of Pa. v. Aichele*, 757

F.3d 347, 358 (3d Cir. 2014). In reviewing a facial attack, a court must only consider the

allegations of the complaint and documents referenced therein. "Thus, a facial attack calls for a

district court to apply the same standard of review it would use in considering a motion to

dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party."

*Id.*

A factual attack, on the other hand, concerns "the actual failure of [a plaintiff's] claims to

comport [factually] with the jurisdictional prerequisites." *U.S. ex rel. Atkinson v. Pa.*

*Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). "As the party asserting jurisdiction,

[plaintiffs] bear[] the burden of showing that its claims are properly before the district court."

*Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995). In a

factual attack, a district court may weigh and "consider evidence outside the pleadings." *Gould*

*Elecs. Inc.*, 220 F.3d at 176.

### B. *Forum non conveniens*

Under the doctrine of *forum non conveniens*, a district court may, in the exercise of its

sound discretion, dismiss the case where: (1) an alternative forum has jurisdiction to hear the

case; and (2) when trial in the plaintiff's chosen forum would establish oppressiveness and

vexation to a defendant out of all proportion to the plaintiff's convenience, or when the

chosen forum is inappropriate due to the court's own administrative and legal problems. *Windt v.*

*Qwest Comms. Int'l, Inc.*, 529 F.3d 183, 189 (3d Cir. 2008). "When considering a motion to

dismiss on *forum non conveniens* grounds, a district court must first determine whether an

adequate alternate forum can entertain the case." *Id.* at 189-90. If an adequate

alternate forum exists, the court must next determine the appropriate amount of deference to be

given to the plaintiff's choice of forum. *Id.* at 190.

After the court has determined the amount of deference due to the plaintiff's choice

of forum, it must balance the relevant public and private factors. *Id.* "If the balance of these

factors indicates that trial in the chosen forum would result in oppression or vexation to the

defendant out of all proportion to the plaintiff's convenience, the district court may, in its

discretion, dismiss the case on *forum non conveniens* grounds." *Id.* The party moving to dismiss

on grounds of *forum non conveniens* "bears the burden of persuasion as to all elements of

the *forum non conveniens* analysis." *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 632

(3d Cir. 1989) (citing *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir. 1988)).

### C.  Fed. R. Civ. Pro. 12(b)(2)

When a court reviews a Fed. R. Civ. P. 12(b)(2) motion for personal jurisdiction, it must

"accept all factual allegations as true, construe the complaint in the light most favorable to the

plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff

may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v.*

*County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). If a defendant contradicts a plaintiff's

allegations, the burden shifts to the plaintiff to present particular evidence in support of personal

jurisdiction. *Isaacs v. Ariz. Bd. of Regents*, 608 F. App'x 70, 74 (3d Cir. 2015) (citing *Mellon*

*Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

A federal court will look at a forum state's long-arm statute and determine if the exercise

of jurisdiction violates the Fourteenth Amendment's Due Process Clause. *Isaacs*, 608 F. App 'x

at 74. "Because Pennsylvania has chosen to exercise jurisdiction to the fullest extent possible, the

federal due process principle of 'minimum contacts' with the forum state and the requirement

that the exercise of jurisdiction comport with 'traditional notions of fair play and substantial

justice' control." *Id*. (citing 42 Pa. Cons. Stat. Ann. § 5322(b); *Remick v. Manfredy*, 238 F.3d

248, 255 (3d Cir. 2001) (internal citations omitted)). "[M]inimum contacts are established when

there is 'some act by which the defendant purposefully avails itself of the privilege of conducting

activities within the forum State, thus involving the benefits and protections of its laws.'" *Id*.

(citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). *See also Seeley v. Caesars*

*Ent. Corp.*, 2019 Pa. Super. Ct. 87, 206 A.3d 1129, 1135 (2019) ((Preliminary objections

properly dismissed and personal jurisdiction established where defendants purposely availed

themselves of benefits and protections of Pennsylvania laws and constantly and substantially

conducted recurring business affairs through operations of its industrial subsidiaries) (internal

citations omitted)).

### D.  Fed. R. Civ. Pro. 12(b)(6)

The purpose of a Rule 12(b)(6) Motion to Dismiss is to test the sufficiency of pleadings.

*Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The touchstone of that pleading standard is

plausibility. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations

omitted). Facial plausibility requires more than "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements." *Id*. A plaintiff will not prevail if he

provides only "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Instead, the plaintiff must detail "enough facts to raise a reasonable expectation that discovery

will reveal evidence of 'each necessary element of the claims alleged in the complaint.'" *Phillips*

*v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556

(2007)).

Applying the *Iqbal* and *Twombly* principles, the Third Circuit decided *Santiago v. Warminster Township*, 629 F.3d 121 (3d Cir. 2010), in which it set forth a three-part test that district courts must apply when evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss.  A court must: (1) identify the elements of the claim; (2) review the complaint to strike conclusory allegations; and (3) look at the well-pleaded components of the complaint and evaluate "whether all the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  If the complaint fails to do so, the motion for dismissal will be granted.

### III.    DISCUSSION

As a preliminary matter, the parallel ongoing criminal investigation into Mr. Prasad does not prevent this civil matter from proceeding, though it can provide valuable insight into Mr. Prasad's alleged conduct. There are no parallel civil proceedings taking place in Poland. Accordingly, this matter will not be stayed during the pendency of the Polish legal authorities' criminal investigation into Mr. Prasad.

### A.  Fed. R. Civ. Pro. 12(b)(1)

A Motion to Dismiss for lack of subject matter jurisdiction cannot be granted if the complaint is not insubstantial and frivolous. Here, the Plaintiffs are a Pennsylvania company and its Polish sister company that are both ultimately owned by a Pennsylvania resident. Further, the Plaintiffs allege they suffered actual damages from Defendants' alleged misappropriation of trade secrets, and the subject matter specifically concerns a new manufacturing plant in Olyphant, Pennsylvania. Defs.' Mot. to Dismiss Mem. of Law 1. This is sufficient to have established subject-matter jurisdiction in the Eastern District of Pennsylvania over this matter and accordingly, Defendants' Motion to Dismiss is denied.

**B.** *Forum non conveniens*

Defendants argue that Polish courts are the appropriate venue for these proceedings. However, courts use the *forum non conveniens* doctrine sparingly. *Lony*, 935 F.2d at 608-09. A federal court rarely relinquishes its jurisdiction in favor of a foreign court. *Quackenbush v. Allstate Inc. Co.*, 517 U.S. 706, 722-23 (1996). "The Supreme Court has directed that 'a plaintiff's choice of forum should rarely be disturbed.'" *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 294 (3d Cir. 2010) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)).

In the instant case, Defendants would need to establish that: (1) they are both amenable to process in the alternative forum, *Piper*, 454 U.S. at 254 n. 22 (1981); (2) that the remedy offered by another forum is satisfactory, *Id.*; and (3) that the Plaintiffs can access essential evidence to prove their claims, *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 161 n. 14 (3d Cir. 2010). We do not know whether the John Doe defendants who targeted their actions in Pennsylvania are amenable to process in Poland. Virtually all of the relevant third-party evidence in this matter is United States-based—including documents, testimony from the third-party competitors and customers contacted by Defendants, and evidence of Plaintiffs' business venture (the trade secret information) and damages. Because Plaintiffs allege that Defendants destroyed significant evidence, Plaintiffs need for access to the U.S.-based evidence is highlighted. Here in the Eastern District of Pennsylvania, Judge Schmehl found Pennsylvania an appropriate forum under similar circumstances with the presence of significant U.S.-based evidence and diverse parties. *See Giorgi Glob. Holdings, Inc. v. Smulski*, No. 17-4416, 2019 WL 1294849, at *2 (E.D. Pa. Mar. 21, 2019).

Plaintiffs' choice of forum is subject to substantial deference, *Piper*, 454 U.S. at 255, and they have established that the Eastern District of Pennsylvania is an appropriate forum for this matter. Accordingly, Defendants' Motion to Dismiss is denied.

### C.  Fed. R. Civ. Pro. 12(b)(2)

At this stage in the proceedings, without an evidentiary hearing, Plaintiffs need only establish "a prima facie case of personal jurisdiction" and are entitled to all factual disputes being drawn in their favor and their allegations taken as true. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). The two categories of personal jurisdiction are general jurisdiction and specific jurisdiction. Specific jurisdiction has three requirements: (1) the defendant must have purposefully directed its activities at the forum state; (2) the litigation must arise out of or relate to at least one of these activities; and (3) if these prior two requirements are met, the Court can consider whether the exercise of jurisdiction comports with fair play and substantial justice. *Gov't Emps. Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 163–64 (E.D. Pa. 2017).

This Court has specific jurisdiction over Defendant Prasad. Plaintiffs' forensic experts have tied critical evidence to Prasad who, at the time of the trade secret theft in March 2020, had unique access to Plaintiffs' restricted data as he was living with a Can-Pack employee unexpectedly working from home as a result of the coronavirus pandemic. *See, e.g.*, Def. Br. at 13, Nugent Affidavit at ¶¶ 14-17. Plaintiffs' experts have further concluded that "Allan Rodriguez," who is claiming to be a whistleblower, and the person falsely claiming to be Andrzej Dyrkacz in communications with competitors, are either one and the same or that two or more such persons are working together. Nugent Affidavit. at ¶ 14. Plaintiffs have established personal jurisdiction over this matter and accordingly, Defendants' Motion to Dismiss is denied.

**D.  Fed. R. Civ. Pro. 12(b)(6)**

Plaintiffs have stated a claim upon which relief can be granted under the Defend Trade

Secrets Act of 2016 (DTSA). The DTSA explains that: "[a]n owner of a trade secret that is

misappropriated may bring a civil action" to obtain damages and injunctive relief. 18 U.S.C. §

1836(b)(1), (3). The DTSA defines "trade secret" broadly to include "all forms and types of

financial, business, scientific, technical, economic, or engineering information," if "(A) the

owner thereof has taken reasonable measures to keep such information secret; and (B) the

information derives independent economic value" from not being generally known or readily

ascertainable. 18 U.S.C. § 1839(3).

To plead misappropriation of a trade secret under the DTSA, "a plaintiff must identify a

trade secret with sufficient particularity so as to provide notice to a defendant of what he is

accused of misappropriating and for a court to determine whether misappropriation has or is

threatened to occur." *Flexible Techs., Inc. v. SharkNinja Operating LLC*, No. 18- 348-CFC, 2019

WL 1417465, at *2 (D. Del. Mar. 29, 2019) (citation omitted). Here, Plaintiffs allege that their

trade secret consisted of the confidential and sensitive details of a new business venture, which

was critical to the success of the new venture and harmful in the hands of its competitors and

prospective customers. Am. Compl. at ¶¶ 13, 36. They took reasonable efforts to keep their trade

information secret, and it was considered non-public. *Id.* Plaintiffs have met their burden to

allege sufficient facts to establish a claim for relief that could be borne out in discovery, and

accordingly, Defendants' Motion to Dismiss is denied.

## IV.    CONCLUSION

Accordingly, Defendants' Motion to Dismiss or Alternatively to Stay is **DENIED**. An appropriate Order follows.